UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William C. Morris,

        Plaintiff,

v.

Commissioner of Social Security,

        Defendant.

Case No. 2:16–cv–132
Judge Michael H. Watson
Magistrate Judge Kemp

## OPINION AND ORDER

On November 7, 2016, the assigned United States Magistrate Judge issued a Report and Recommendation ("R&R"), ECF No. 15, recommending that the Court overrule Plaintiff's Statement of Specific Errors, in which Plaintiff challenged the Commissioner of Social Security's (the "Commissioner") decision to deny Plaintiff's applications for disability insurance benefits and supplemental social security income. Plaintiff objects to the R&R. ECF No. 16.

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's complaint.

### I. BACKGROUND

Plaintiff applied for benefits on October 19, 2012, alleging that she became disabled on January 1, 2009. After Plaintiff's initial application was denied, an administrative law judge ("ALJ") held a hearing on Plaintiff's application. The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). That decision became final on December 21, 2015, when the

Appeals Council denied review.

Plaintiff subsequently filed suit for judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Magistrate Judge analyzed Plaintiff's Statement of Specific Errors and recommended that the Court overrule the same. Plaintiff now objects to the Magistrate Judge's conclusions in the R&R.

## II. ANALYSIS

### A. Standard of Review

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C–1–09–618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438

(2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

The Court must analyze Plaintiff's objections in light of the standard of review in social security cases, which the Magistrate Judge correctly set forth in the R&R:

> Under the provisions of 42 U.S.C. Section 405(g), "[t]he findings of the Secretary [now the Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "'more than a mere scintilla.'" *Id. LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Secretary,* 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Secretary*, 733 F.2d 437, 439–440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)); *Wages v. Secretary of Health and Human Servs.*, 755 F.2d 495, 497 (6th Cir. 1985). Even if this Court would reach contrary conclusions of fact, the Commissioner's decision must be affirmed so long as that determination is supported by substantial evidence. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

R&R 6–7, ECF No. 15.

### B. Plaintiffs' Objections

Plaintiff raises three objections to the R&R: (1) that the Magistrate Judge erred by finding that the ALJ did not violate the treating source rule; (2) that the

Magistrate Judge erred by finding that the ALJ did not violate SSR 06-3P; and (3) that the Magistrate Judge erred by finding that the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence. The Court addresses each objection in turn.

1.  First Objection

In addressing what weight to assign to a treating source, the Magistrate Judge set forth the requirements under the applicable statute and requirements as articulated in the case *Gayheart v. Commissioner of Social Security*, 710 F.3d 365 (6th Cir. 2013):

> The regulation at issue, 20 C.F.R. §404.1527(c), states that treating source opinions are evaluated using a variety of factors, including the presence of a treating or examining relationship, the length of any treating relationship, the frequency of examination, the supportability of the opinion by medical evidence in the record, its consistency with other evidence, the specialization of the source, and other pertinent considerations. Section 404.1527(c)(2) says that "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." *Gayheart* interpreted this part of the regulation to require that an ALJ first determine whether to give a treating physician's opinion controlling weight, based on the supportability and consistency of the opinion, and held that the ALJ may apply the remainder of the regulatory factors "only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Id.* at 376. The failure to follow that sequence of decisionmaking and to explain why the treating source opinion is not entitled to controlling weight "hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Id.* at 377. However, as the court observed in *Aiello-Zak v. Comm'r of Social Security*, 47 F.Supp.3d 550, 558 (N.D. Ohio 2014), "recent authority has held that

so long as an ALJ adequately addresses the factors required by *Gayheart* and articulates good reasons for discounting the opinion of a treating source, the Commissioner's decision will not be upset by a failure to strictly follow the *Gayheart* template" (citing *Dyer v. Social Security Administration*, 568 Fed.Appx. 422, 425-26 (6th Cir. June 11, 2014)). *See also Halama v. Comm'r of Social Security*, 2013 WL 2013 WL 4784966, *7 (N.D. Ohio Sept. 5, 2013) (failure to follow exactly the *Gayheart* sequence of findings can be excused if the ALJ addresses "on the record each of the *Gayheart* elements so as to permit meaningful judicial review of the final decision").

R&R 9–10, ECF No. 15.

The Magistrate Judge acknowledged that the ALJ "collapse[d] the inquiry into a single discussion of the weight . . . exactly what *Gayheart* cautioned against." *Id.* 10. The Magistrate Judge went on to note that "the ALJ did not mention the concept of 'controlling weight,' nor did he directly explain why crediting Dr. Shiflett's opinion to that extent was not justified based upon the two criteria listed in § 404.1527(c)(2)." *Id.* However, the Magistrate Judge further noted that the ALJ did cite to SSR 96-2p, which undercut "Plaintiff's argument that the ALJ used an incorrect legal standard in evaluating the treating source opinion." *Id.* 10–11.

In arguing that the Court should reject the Magistrate Judge's conclusion, Plaintiff first complains that the ALJ simply cited the above authorities in a boilerplate introductory paragraph with no meaningful discussion of evidence relative to that authority. Plaintiff's argument is not well taken. First, while Plaintiff criticizes the manner in which it was cited, Plaintiff concedes that the ALJ did reference the relevant authority. Second, the ALJ's opinion provides

sufficient discussion for this Court to meaningfully review the ALJ's decision not to give controlling weight to Dr. Shiflett's opinion under the appropriate applicable factors. Notably, the ALJ specifically addressed the lack of support underlying Dr. Shiflett's opinion and stated that the opinion was inconsistent with other evidence in the record. Accordingly, because the ALJ adequately addressed the *Gayheart* factors and articulated good reasons for not giving controlling weight to Dr. Shiftlett's opinion, the ALJ's failure to strictly follow *Gayheart* does not require remand. See *Aiello-Zak*, 47 F. Supp. 3d at 558; *Halama*, 2013 WL 4784966, at *7. The Court therefore finds no error by the Magistrate Judge in this regard.

Plaintiff next insists that the "good reasons" provided by the ALJ are not supported by substantial evidence. In giving little weight to Dr. Shiflett's opinion, the ALJ discussed the inconsistency between that doctor's opinion of Plaintiff's abilities and limitations and Plaintiff's own self-reports. In his Objections, Plaintiff argues that it was more appropriate for the ALJ to rely on actual medical evidence rather than simply Plaintiff's self-reports when concluding that an inconsistency existed.

The Court disagrees. As the Magistrate Judge pointed out, Dr. Shiflett does not state on the completed form the basis for his opinion. Moreover, opinions about mental limitations are derived substantially from a patient's own self-reports. Under these circumstances, the Court finds no error in the ALJ's

decision to place some weight on the inconsistency created by Plaintiff's own self-reports.

Plaintiff goes on to object to the ALJ's "good reason" to the extent that "the ALJ found [Dr. Shiflett's] opinion somewhat suspect because it purported to express an opinion about Plaintiff's condition several years before Dr. Shiflett ever saw him." R&R 12, ECF No. 15. Plaintiff contends that it may have been proper to question the credibility of Dr. Shiflett's opinions from 2009 through the date prior to beginning treatment in 2013, but there was no reason to discredit Dr. Shiflett's opinion in its entirety.

Plaintiff's argument is not well taken. The record supports the ALJ's decision to afford little weight to Dr. Shiflett's opinion as to Plaintiff's condition beginning in early 2013. The administrative record contains no treatment notes from Dr. Shiflett; the record contains only a questionnaire form completed by Dr. Shiflett. As discussed above, the questionnaire form simply reflects checkmarks next to impairments; the form does not explain the source for Dr. Shiflett's conclusions as to Plaintiff's impairments. Moreover, Plaintiff's self-reports, which conflict with Dr. Shiflett's conclusions, further support the little weight afforded to Dr. Shiflett's opinion.

In short, the Court finds that the ALJ's decision enjoys substantial support in the record. The Court **OVERRULES** Plaintiff's first objection to the R&R.

2.  *Second Objection*

Plaintiff next objects on the ground that the ALJ violated SSR 06-3p when weighing the decision of Helen Harvey, Plaintiff's counselor. In completing a mental residual functional capacity questionnaire, Ms. Harvey noted several either moderate or marked limitations in work related areas, including "the areas of working around others, working independently, maintaining attention and concentration for more than brief periods of time, performing at an acceptable level, remembering basic workplace information, and dealing with work stress." R&R 3, ECF No. 15.

While Ms. Harvey is not a "medical source" as defined in the regulations, the ALJ must still evaluate her opinion. The Magistrate Judge set forth the applicable standard under SSR 06-3p:

> SSR 06–3p states that "the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning...." This does not create an independent regulatory duty to articulate the ALJ's reasoning in the same way required for an opinion rendered by a treating source. *See, e.g., Robinson v. Comm'r of Social Security*, 2012 WL 194966, *12 (N.D. Ohio Jan. 20, 2012) ("there is no controlling precedent requiring an ALJ to explicitly address written statements such as" a function report from a case manager). Rather, all that is needed is a sufficient discussion of all of the evidence of record to demonstrate that the ALJ considered the key factors of "'supportability and consistency'" in deciding how much to credit these types of reports. *See Action v. Comm'r of Social Security*, 2013 WL 3761126, *5 (S.D. Ohio July 16, 2013), *quoting Kerlin v. Astrue*, 2010 WL 3937423, *8 (S.D. Ohio March 25, 2010), *adopted and affirmed* 2010 WL 3895175 (S.D. Ohio Sept. 29, 2010).

R&R 12–13, ECF No. 15 (citations omitted).

The ALJ noted, *inter alia*, that "Ms. Harvey had been seeing Plaintiff for only two months when she expressed her opinion that she was not an 'acceptable medical source.'" R&R 13, ECF No. 15 (citation omitted). The Magistrate Judge concluded that the ALJ's treatment of Ms. Harvey's opinion was adequate under SSR 06-3p because the length of the treating relationship is a proper factor to consider and because other evidence in the record contradicted Ms. Harvey's findings.

Plaintiff agrees that length of treatment is a relevant factor to consider but argues that this factor is only one consideration when evaluating Ms. Harvey's opinion. Plaintiff complains that the ALJ was apparently unconcerned by this factor when awarding great weight to the opinions of Dr. Tanley, who saw Plaintiff only once, and the non-examining state agency psychologists. Plaintiff therefore argues that the ALJ used this factor inconsistently and improperly in discrediting Ms. Harvey's opinion.

This Court disagrees. As the Magistrate Judge correctly noted, other evidence in the record, in addition to the length of treatment, supports the ALJ's decision to give little weight to Ms. Harvey's opinion. For example, Plaintiff never identified problems in getting along with co-workers or any other psychological issues that interfere with his ability to work. R&R 13, ECF No. 15. Moreover, the treatment notes from Plaintiff's few visits with Ms. Harvey do not reflect any evidence of this restriction or other severe psychological limitations. *Id.* 13–14.

For these reasons, the ALJ did not err in deciding to give little weight to Ms. Harvey's opinion. The Court accordingly **OVERRULES** Plaintiff's second objection to the R&R.

### 3. Third Objection

The ALJ found that Plaintiff has the mental RFC to "perform goal-based production/work measured by end result, not pace work, which was limited to simple, routine, repetitive tasks done in a low-stress environment, defined as involving only occasional changes in the work setting and occasional interaction with coworkers, supervisors, and the public." R&R 6, ECF No. 15. The Magistrate Judge considered Plaintiff's challenge to the RFC as essentially an invitation to reweigh the ALJ's assessment of the conclusions of Dr. Tanley, a consulting neuropsychologist. *Id.* 14. Finding that the evidence was susceptible to different conclusions and that the record supports the ALJ's reading of Dr. Tanley's report, the Magistrate Judge sustained the ALJ's decision on this issue. *Id.* at 14–15.

In his objections, Plaintiff denies that he is simply asking the Court to reweigh the evidence. Instead, he argues that the Magistrate Judge "appears to agree" that Dr. Tanley's opinions are ambiguous and vague, and contends that he "is merely asking this Court to decide if the ALJ's reliance on such vague opinions [offered by Dr. Tanley] can constitute substantial evidence for discrediting treating source opinions." Obj. 7–8, ECF No. 16.

Plaintiff's arguments are not well taken. The Court disagrees that the Magistrate Judge viewed Dr. Tanley's opinion as ambiguous and vague. The Magistrate Judge simply stated that, "[p]erhaps Plaintiff's reading of Dr. Tanley's report is a reasonable one, but that does not mean it is the only reasonable way for it to be understood." R&R 14, ECF No. 15. Moreover, having reviewed the relevant portions of the record, the Court finds that Dr. Tanley's opinions sufficiently support the ALJ's decision. Finding no error by the Magistrate Judge on this issue, the Court accordingly **OVERRULES** Plaintiff's third objection to the R&R.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the R&R, ECF No. 16, **AFFIRMS AND ADOPTS** the R&R, ECF No. 15, and **DISMISSES** Plaintiff's complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and terminate this case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**